# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

DENNIS OKEEFE HARRIS,

Defendant.

CASE NO.: 4:20-cr-98

# O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's March 31, 2021, Report and Recommendation, (doc. 48), to which Defendant has filed objections, (doc. 50). The Court, therefore, **ADOPTS** the Report and Recommendation as the opinion of the Court and **DENIES** defendant's motion to suppress, (doc. 26).

As the Report and Recommendation explains, Harris was stopped by Savannah Police Officers Ryan Price and Jeremy Freageau early on January 1, 2021. (See doc. 48 at 1.) After he stopped and exited his vehicle, before being directed to do so by Officer Price, Officer Freageau observed that Harris was carrying a firearm in the waistband of his pants. (Id. at 2.) A struggle ensued and Harris fled on foot. After a brief chase he was placed under arrest. (Id.) Harris argued, first, that Officer Price lacked reasonable suspicion for the initial stop because he initially noticed Harris' vehicle based on a radio broadcast, the veracity of which Harris contended could not be established. (Id. at 3–4.) The Magistrate Judge recommended that the Court deny suppression on that basis, as the significance of the broadcast was moot when Price directly observed Harris commit a traffic violation. (Id. at 4–5.) Harris next argued that the "search" of his person, which revealed the firearm, was not based on sufficient reasonable suspicion. (Id.

at 5.)  The Magistrate Judge recommended that the Court deny suppression on that basis, given Freageau's credible testimony that he immediately identified the firearm.  (Id. at 5-8.)  Finally, the Magistrate Judge recommended denial of Harris' derivative argument that a search of his wallet violated the Fourth Amendment based on his allegations that the initial stop and seizure of his firearm were illegal.  (See id. at 8-11.)

Harris objects to each of the Magistrate Judge's recommendations.  (See generally doc. 50.)  Harris first argues that the Magistrate Judge incorrectly recommended that his motion be denied to the extent it was based on the veracity of the radio broadcast.  (Id. at 1–2.)  Specifically, he contends that "[t]he direct observation alleged by Officer Price and accepted by the Magistrate court [sic] were observed only because Officer Price was alerted to Mr. Harris's vehicle, or similar vehicle through this broadcast."  (Id.)  He next argues that the Magistrate Judge incorrectly recommended that the Court find Officer Freageau's observation of the firearm in his waistband provided sufficient justification for its seizure.  (Id. at 2–3.)  Finally, he reiterates his derivate argument that, if either the stop or the firearm's seizure are invalidated, the search of his wallet lacked probable cause.  (Id. at 3–4.)  None of Harris' objections have merit and are, for the reasons explained below, **OVERRULED**.

Harris' argument that the veracity of the radio broadcast remained relevant, notwithstanding Officer Price's direct observation of a traffic infraction lacks any citation to legal authority.  See S.D. Ga. L. Crim. R. 12.1 ("[E]very motion filed in a criminal proceeding shall be accompanied by a memorandum of law citing supporting authorities.").  The lack of citation to supporting authorities is, perhaps, attributable to the fact that well-established law contradicts Harris' argument.  As the Eleventh Circuit has explained, "both this Court and the Supreme Court have rejected inquiry into an officer's subjective intentions in reviewing the constitutionality of

2

searches and seizures under the Fourth Amendment." United States v. Alson, 598 F. App'x 730, 733 (11th Cir. 2015) (citing Wren v. United States, 517 U.S. 806, 811–13 (1996); United States v. Lanzon, 639 F.3d 1293, 1300 (11th Cir. 2011); United States v. Jones, 377 F.3d 1313, 1314 (11th Cir. 2004)). Officer Price's reasons, whatever they were, for paying attention to Harris' vehicle are simply irrelevant to whether the stop was constitutionally justified. Once Price observed the traffic violation, he had probable cause to stop Harris. See United States v. Woods, 385 F. App'x 914, 917 (11th Cir. 2010). Finally, it is clear that Harris had no expectation of privacy travelling on a public street. See, e.g., United States v. Knotts, 460 U.S. 276, 281 (1983) ("A person travelling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another."); United States v. Howard, ___ F. App'x ___, 2021 WL 2155414, at * 3 (11th Cir. May 27, 2021) ("Under Knotts, [defendant] had no reasonable expectation of privacy in his movements along public roads."). Without such an expectation, it is not clear that Officer Price's conduct, prior to initiating the stop, even implicated Harris' Fourth Amendment rights, much less that it violated them. See, e.g., Smith v. Maryland, 442 U.S. 735, 740 (1979) ("Consistently with Katz, this Court uniformly has held that the application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." (citations omitted)).

Harris' objection to the Magistrate Judge's recommendation that the seizure of the firearm was permissible focuses on whether the submitted video evidence clearly showed that the object in his waistband was a firearm, and whether the officers had sufficient reasonable suspicion that Harris was "armed and dangerous." (See doc. 50 at 2-3.) Harris' attempt to quibble with the video evidence is unavailing, however, as the Magistrate Judge relied principally, not on the

recordings, but on Officer Fregeau's "wholly credible testimony that he immediately observed the firearm in Harris' possession . . . ." (Doc. 48 at 7.) Harris does not object to the Magistrate Judge's credibility determination and, even if he had, that objection would be unavailing. (See doc. 50 at 2–3.) The Magistrate Judge also explained that, in the context of a traffic stop, even reasonable suspicion that an occupant is armed justifies a protective frisk and seizure of the weapon.[1] (See doc. 48 at 7 (citing United States v. Alexander, 2017 WL 7409987, at * 6 (S.D. Ga. Nov. 30, 2017), adopted 2018 WL 3223945, at * 2 (S.D. Ga. Jan. 8, 2018) ("The Court finds that it was reasonable for the officers to conduct a protective frisk after noting a firearm in Defendant's waistband.")).) The Magistrate Judge's quotation of the Fourth Circuit's opinion in United States v. Robinson supports his conclusion that, even if the firearm were not immediately obvious, Fregeau's reasonable belief that Harris was armed justified both a protective frisk and seizure of the weapon. (Doc. 48 at 7); see also United States v. Robinson, 846 F.3d 694, 698-701 (4th Cir. 2017) (reasonable suspicion that a suspect, subject to a valid stop, is armed, is sufficient to establish that the suspect is also dangerous, *i.e.* "the risk of danger is created simply because the person, who was forcibly stopped, is armed."). Harris' objection, therefore, does nothing to undermine the Report and Recommendation's rationale.

Finally, the objection's argument concerning the search of Harris' wallet after his arrest merely restates his contention that it's invalidity derives from the purported invalidity of the stop and the seizure of the firearm. (Doc. 50 at 4.) He does not dispute any portion of the Magistrate Judge's analysis that, if those earlier events did not violate the Fourth Amendment, the search of

---

[1] Harris suggests that the object visible in the video and captured still image might be his cell phone. (Doc. 50 at 3.) The Report and Recommendation explains that Officer Fregeau testified credibly that he was certain of his identification of the object as a firearm. (Doc. 48 at 6.) Neither the video evidence nor Harris' suggestion undermines the conclusion that Fregeau's belief, even if it had been mistaken, was reasonable.

4

the wallet was justified as an "inventory" search incident to his arrest. (Doc. 48 at 9–10.) Because the Court agrees with the Magistrate Judge's determination that neither the stop nor the seizure of the firearm violated the Fourth Amendment, and Harris does not contest the conditional validity of the wallet search incident to his arrest, there is no basis to suppress the evidence produced by that search.

Accordingly, Court **ADOPTS** the Report and Recommendation, (doc. 48), as the opinion of the Court and **DENIES** Defendant's motion to suppress, (doc. 15).

**SO ORDERED**, this 24th day of June, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA