IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-98 |
| DENNIS OKEEFE HARRIS, | |
| Defendant. | |

**O R D E R**

Defendant Dennis O'Keefe Harris has filed a motion seeking compassionate release. (Doc. 79.) He contends that a reduction in his sentence is warranted due to his medical conditions. (Id.) The Court has reviewed the entirety of the record in this case and finds that Harris has failed to demonstrate that he exhausted his administrative remedies and has failed to set forth an extraordinary and compelling reason warranting a reduction in his sentence as required by 18 U.S.C. § 3582(c)(1)(A). Moreover, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Harris compassionate release. Thus, the Court **DENIES** Harris's Motion, (id). The Court hopes Harris will spend his time in prison contemplating the wrongfulness of his conduct and seeking rehabilitation rather than attempting to shirk the responsibility of a sentence that he unquestionably deserves.

BACKGROUND

Harris's conduct leading to his conviction and sentence in this case was quite serious. He possessed a firearm despite knowing that he was a convicted felon. (Doc. 70, pp. 5—6.) Moreover, Harris possessed the firearm in connection with another felony offense, possession of cocaine. (Id. at p. 6.) Harris's criminal history includes a litany of prior offenses, resulting in 15

criminal history points, which would have been sufficient to qualify Harris for the highest criminal history designation, Category VI. (Id. at pp. 7—11.) Additionally, given that Harris was under a criminal just sentence at the time he committed the instant offense, his criminal history score increased to 17. (Id. at p. 11.) Harris filed his instant Motion for Compassionate Release, (doc. 79), on July 3, 2023, and the Government filed a response opposing Harris's Motion, (doc. 81), on July 21, 2023.

## DISCUSSION

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

**I.      Harris Failed to Demonstrate He Exhausted His Administrative Remedies.**

The United States argues that Harris cannot meet the first of these requirements—exhaustion of administrative remedies—because he has failed to demonstrate that he presented his request for release to the Warden or anyone within the BOP.  (Doc. 49, pp. 6—7.)  Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  Harris admits that he did not submit his request for compassionate release to the warden or anyone within BOP.  (Doc. 79, pp. 2—3.)  Because Harris did not provide BOP with an "opportunity to assess" the arguments he now raises before seeking relief from this Court, he failed to exhaust his administrative remedies.  See, Order United States v. Heller, 2:18-CR-56 (S.D. Ga. Nov. 2, 2020) ECF No. 423, p. 4.

The Court cannot grant Harris compassionate release until he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  In the face of the Government's response, Harris has failed to demonstrate that he fulfilled this basic requirement before bringing his Motion for Compassionate Release.

**II.     Harris Has Not Demonstrated Extraordinary and Compelling Reasons Warranting Release.**

Even if he had exhausted his administrative remedies, the Court may only grant Harris compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy

3

statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

Harris attempts to invoke the "medical conditions" category of extraordinary circumstances and moves for early release due to alleged medical conditions: being pre-diabetic; having asthma, bronchitis, and possibly sleep apnea. (Doc. 79, p. 5.) However, BOP medical records indicate that Harris has not been diagnosed with any of these conditions. (Doc. 81-1.)

Moreover, as the United States correctly points out, Harris's conditions do not constitute an extraordinary and compelling circumstance warranting his release because his medical records reveal that his medical conditions do not substantially diminish his ability to provide self-care in prison.  (See doc. 81, pp. 6—7.)

### III.   The Section 3553(a) Factors Weigh Heavily Against Harris's Request.

Moreover, even if Harris had demonstrated an extraordinary and compelling reason for compassionate release, the Court could only grant such compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whethis to grant that relief.").  Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a).  To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Harris's request for compassionate release. The charge Harris plead guilty to is a serious crime for which he received a substantial but justified sentence. Moreover, his extensive criminal history indicates that Harris needs a substantial assistance for him to receive correctional treatment and to deter him from future crimes. Allowing his release particularly less than two years after his sentencing would not reflect the seriousness of his conduct, would not serve the needs of general and specific deterrence, would not protect the public, and would create significant sentencing disparities between Harris and other defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Harris's motion for compassionate release.

## CONCLUSION

For all these reasons as well as those stated by the United States in its response, the Court **DENIES** Defendant Harris's Motion for Compassionate Release, (doc. 79).

**SO ORDERED**, this 25th day of October, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA